IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MOHAMED ABDUBA DIDA, # Y51285,  )
)
Plaintiff,  )
)
vs.  )          Case No. 3:24-cv-00283-MAB
)
KIMBERLY HVARRE,  )
)
Defendant.  )

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

Plaintiff Mohamed Abduba Dida, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Big Muddy River Correctional Center ("BMRCC"), brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights (Doc. 1). He asserts that he has been prevented from accessing educational and other programs during his incarceration (Doc. 1, pp. 6-9).

The Complaint (Doc. 1) is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out non-meritorious claims.[1] 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

---

[1] The Court has jurisdiction to screen the Complaint based on Plaintiff's consent to the full jurisdiction of a magistrate judge, and the limited consent by the Illinois Department of Corrections to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between this Court and the IDOC.

## THE COMPLAINT

A review of the Complaint reveals the following allegations:  Plaintiff describes his history of attempts to access educational programs, beginning on May 31, 2022, while he was confined at East Moline Correctional Center (Doc. 1, p. 6). He took the mandatory TABE test[2] in June 2022 but did not achieve a passing score. Consequently, he was not permitted to take a GED exam. He was placed on a waiting list to retake the TABE after 45 days (Doc. 1, p. 7). He was also told he was on a waiting list for the ABE (Adult Basic Education) class for basic arithmetic and reading skills. Despite the passage of the 45-day waiting period, Plaintiff was not able to retake the TABE test while at East Moline.

On January 14, 2023, Plaintiff was transferred to BMRCC (Doc. 1, p. 8). In February 2023, he was told he could not retake the exam but was still on a waiting list. After filing grievances, Plaintiff was told he could not take the exam or attend school until 2027 because the waiting list was tied to the date of the inmate's anticipated release from prison[3] (Doc. 1, p. 9). He adds that he has been denied a job and access to "all programs." *Id.*

As relief, Plaintiff requests to be allowed to take the exam for which he has been on the waiting list since July 2022 (Doc. 1, p. 10). He names BMRCC Warden Kimberly Hvarre as the only Defendant.

---

[2] Test of Adult Basic Education; *see* https://idoc.illinois.gov/offender/adulteducationvocationalservices.html (last visited July 8, 2024).
[3] In February 2023, Plaintiff learned that his expected release date of May 16, 2024 had been changed to April 27, 2027 (Doc. 1, p. 9).

DISCUSSION

Based on the allegations in the Complaint, the Court designates the following claim in this *pro se* action:

> **Count 1:**   **Fourteenth Amendment or Eighth Amendment claim against Hvarre for preventing Plaintiff from taking the TABE test or participating in the ABE program at BMRCC from January 2023 to the present.**

> **Count 2:**   **Fourteenth Amendment claim against Hvarre for preventing Plaintiff from obtaining a prison job at BMRCC.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[4]

## Count 1

Warden Hvarre is the correct party to implement any injunctive relief that the Court might order. *See Gonzales v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (holding warden is proper defendant for injunctive relief claim as they would be responsible for ensuring that any injunctive relief would be carried out). However, the Complaint fails to state a viable constitutional claim for relief.

It is well settled that there is no Fourteenth Amendment property or liberty interest in attending educational, vocational, or rehabilitative courses while in prison, and

---

[4] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

institutions are not constitutionally required to provide these programs to inmates. *Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000) (prisoner had no 14th Amendment due process claim for being transferred to a prison where he could no longer enroll in programs that might earn him earlier release); *Higgason v. Farley*, 83 F.3d 807, 809 (7th Cir. 1996); *Garza v. Miller*, 688 F.2d 480, 486 (7th Cir. 1982), *cert. denied* 459 U.S. 1150 (1983). Consequently, Plaintiff has no valid substantive due process claim for his inability to take the TABE test or enroll in the ABE program.

Similarly, "[t]he Eighth Amendment … does not compel prison administrators to provide general educational programs for inmates." *Johnson v. Randle*, 451 F. App'x 597, 599 (7th Cir. 2011) (citing *Rhodes v. Chapman*, 452 U.S. 337, 348 (1981)). Therefore, Plaintiff cannot maintain his claim on this constitutional provision either. Count 1 will thus be dismissed for failure to state a claim upon which relief may be granted.

### Count 2

To the extent Plaintiff intended to assert a claim for his exclusion from prison employment, this claim also fails. An inmate does not have a constitutionally protected property or liberty interest in a prison job. *See DeWalt v. Carter,* 224 F.3d 607, 613 (7th Cir. 2000); *Garza*, 688 F.2d at 485-86. Count 2 will also be dismissed.

When a Complaint fails to state a claim upon which relief may be granted, the plaintiff is ordinarily given an opportunity to amend the complaint in order to correct the deficiencies. *See* FED. R. CIV. P. 15(a). However, leave to amend need not be granted if it is clear that any amendment would be futile. *See Always Towing & Recovery, Inc. v. City of Milwaukee*, 2 F.4th 695, 707 (7th Cir. 2021); *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir.

2013); *Garcia v. City of Chicago*, 24 F.3d 966, 970 (7th Cir. 1994). As explained above, there is no constitutional support for a prisoner's claim that he was unable to access educational or vocational programs. Accordingly, the Court finds that any amendment of Plaintiff's claims in this action would be futile. The dismissal of this case will be with prejudice and without leave to amend.

### DISPOSITION

This case is **DISMISSED with prejudice** for failure to state a constitutional claim upon which relief may be granted. The Court counts the dismissal of this action as one of Plaintiff's three "strikes" within the meaning of 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll (suspend) the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. If the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike."

A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v.*

*Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

**IT IS SO ORDERED.**

**DATED: July 8, 2024**

<u>/s/ Mark A. Beatty</u>
**MARK A. BEATTY**
**United States Magistrate Judge**

6