IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MOHAMED ABDUBA DIDA, # Y51285, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:24-cv-00283-MAB |
| | ) |
| KIMBERLY HVARRE, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This matter is before the Court on Plaintiff Mohamed Abduba Dida's Motion to Reconsider, filed on July 10, 2024. (Doc. 11). Plaintiff later filed a supplement to his motion, which the Court has also considered. (Doc. 13).

Technically, a "Motion to Reconsider" does not exist under the Federal Rules of Civil Procedure. The Seventh Circuit has held, however, that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to either Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994). "[W]hether a motion filed within [28] days of the entry of judgment should be analyzed under Rule 59(e) or Rule 60(b) depends on the *substance* of the motion, not on the timing or label affixed to it." *Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008) (emphasis in original) (citing *Borrero v. City of Chicago*, 456 F.3d 698, 701-02 (7th Cir. 2006)). Nevertheless, a motion to reconsider filed more than 28 days after entry of the challenged order, "automatically becomes a Rule 60(b) motion."

1

*Hope v. United States*, 43 F.3d 1140, 1143 (7th Cir. 1994) (citing *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992)); *see also Talano v. N.W. Med. Faculty Found., Inc.*, 273 F.3d 757, 762 (7th Cir. 2001).

A motion to alter or amend judgment filed pursuant to Rule 59(e) may only be granted if a movant shows there was a mistake of law or fact or presents newly discovered evidence that could not have been discovered previously. *Matter of Prince*, 85 F.3d 314 (7th Cir. 1996), *reh'g and suggestion for reh'g en banc denied, cert. denied* 519 U.S. 1040; *Deutsch v. Burlington N. R.R. Co.*, 983 F.2d 741 (7th Cir. 1993).

Rule 60(b) permits a court to relieve a party from an order or judgment based on such grounds as mistake, surprise or excusable neglect by the movant; fraud or misconduct by the opposing party; a judgment that is void or has been discharged; or newly discovered evidence that could not have been discovered within the 28-day deadline for filing a Rule 59(b) motion. FED. R. CIV. P. 60(b)(1). However, the reasons offered by a movant for setting aside a judgment under Rule 60(b) must be something that could not have been employed to obtain a reversal by direct appeal. *See, e.g., Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000); *Parke-Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir. 1989) ("an appeal or motion for new trial, rather than a FRCP 60(b) motion, is the proper avenue to redress mistakes of law committed by the trial judge, as distinguished from clerical mistakes caused by inadvertence"); *Swam v. U.S.*, 327 F.2d 431, 433 (7th Cir.), *cert. denied*, 379 U.S. 852 (1964) (a belief that the Court was mistaken as a matter of law in dismissing the original petition does "not constitute the kind of mistake or inadvertence that comes within the ambit of rule 60(b).").

Plaintiff's motion was filed within 28 days of the order he challenges, therefore, either Rule 59(e) or Rule 60(b) may be applied. As for the factors in Rule 59(e), Plaintiff does not point to anything in the Court's Order dismissing his case that would amount to a mistake of law or fact, and he does not claim to have any newly discovered evidence. Nor does Plaintiff present any grounds for relief from judgment that fall within the ambit of Rule 60(b). He does not engage at all with the Court's explanation for dismissing the case. Instead, he complains that he "filed for one case early last year but due to court requirements issues/claims pertaining to related topics were to be filed separately and [his] one case ended up being seven different cases." (Doc. 11, p. 1).[1] Plaintiff became overwhelmed, and he is hampered by limited access to the law library and writing paper. (Doc. 11, p. 2). He indicates he could "do better in expressing how [his] rights are violated if granted the reconsideration." *Id.*

In his Complaint, Plaintiff alleged that his rights were violated because he was not permitted to take the TABE test (of adult basic education), participate in the ABE program, or obtain a prison job. (Doc. 1). This Court dismissed his Complaint for failure

---

[1] This Court's records reflect that Plaintiff's first two (separately filed) cases were transferred to this District on January 18, 2024, from the Central District of Illinois (*Dida v. Hvarre*, No. 24-cv-131-GCS; and *Dida v. Hvarre, et al.*, No. 24-cv-132-GCS). On May 29, 2024, in No. 24-cv-132-GCS (Doc. 19), the Court severed unrelated counts into one new case which was filed as *Dida v. Doe 1, et al.*, No. 24-cv-1407-GCS. Plaintiff was offered the option to dismiss that case if he did not wish to proceed, but he chose to go forward with it. Prior to the severance order in *Dida v. Hvarre, et al.*, 24-cv-132-GCS, Plaintiff had separately filed four additional cases in this Court: *Dida v. Hvarre, et al.*, 24-cv-238-GCS (filed Feb. 1, 2024); the instant case on Feb. 6, 2024; *Dida v. Hvarre, et al.*, No. 24-cv-714-SPM (filed March 12, 2024, and dismissed July 10, 2024); and *Dida v. Hvarre*, No. 24-cv-835-SMY (filed March 21, 2024). Plaintiff voluntarily filed six cases and chose to go forward with the seventh (severed) case. In any lawsuit, a prisoner runs the risk of dismissal of the case and of incurring a "strike" if the case fails to survive merits review under 28 U.S.C. § 1915A. At present, Plaintiff has incurred two "strikes" – one from the dismissal of the instant case, and the other from the dismissal of No. 24-cv-714-SPM. If he incurs a third strike, he will not be permitted to pay the filing fee in installments for any new case or new appeal, unless he can show that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

to state a claim upon which relief could be granted because there is no constitutional right to participate in educational, vocational, or rehabilitative programs in prison – therefore, no constitutional violation occurred. (Doc. 9). No amount of law library access, legal advice, or opportunity to re-draft this claim would enable Plaintiff to state a viable constitutional claim when the prevailing and well-established law is against him.

Plaintiff has not shown any mistake of law or fact, or presented any newly discovered evidence, that would entitle him to an altered or amended judgment under Rule 59(e). Nor has he stated any grounds for relief within the scope of Rule 60(b).

Upon review of the record, the Court remains persuaded that its ruling dismissing the case pursuant to 28 U.S.C. § 1915A was correct. Therefore, the Motion to Reconsider (Doc. 11) is **DENIED**.

Plaintiff's filing of his motion within the time limit for a Rule 59(e) motion suspended the 30-day deadline for filing a notice of appeal following the dismissal of the case. FED. R. APP. P. 4(a)(4). Now that the motion has been denied, if Plaintiff wishes to appeal the dismissal of his case, his notice of appeal must be filed with this court within thirty days of the entry of *this* order. FED. R. APP. P. 4(a)(1)(A) and (a)(4)(A)(iv); *York Group, Inc. v. Wuxi Taihu Tractor Co., Ltd.*, 632 F.3d 399, 401 (7th Cir. 2011). A motion for leave to appeal *in forma pauperis* must set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464,

4

467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." 28 U.S.C. § 1915(g).

    **IT IS SO ORDERED.**

    **DATED: July 24, 2024**

                                          **/s/ Mark A. Beatty**
                                          **MARK A. BEATTY**
                                          **United States Magistrate Judge**